IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-CV-2420

**MILES PACHECO** and
**TRUDY PACHECO,**

      Plaintiffs,

vs.

**THE UNITED STATES OF AMERICA**,

      Defendant

---

## COMPLAINT FOR DAMAGES, JURY DEMAND AND CERTIFICATE OF REVIEW

---

Plaintiffs Miles and Trudy Pacheco, by and through their attorneys, Anthony Viorst, The Viorst Law Offices, P.C., submit the following Complaint for Damages and Jury Demand and allege the following:

### <u>CERTIFICATION</u>

Pursuant to C.R.S. § 13-20-602(3)(a), Counsel certifies that he has consulted with physician(s) and expert(s) with expertise in the areas of the alleged negligent conduct as set forth in Plaintiffs' Complaint; and the physician(s) and expert(s) who have been consulted have reviewed all known facts relevant to the allegations of negligent conduct as complained of in Plaintiffs' Complaint;. Based upon such facts, these physician(s) and expert(s) have concluded that the filing of the claims against Defendants does not lack substantial justification within the meaning of C.R.S. § 13-17-102(4). The physician(s) and expert(s) who have reviewed all known

facts relevant to the allegations of negligent conduct as contained in Plaintiffs' Complaint for Damages meet the requirements set forth in C.R.S. § 13-64-401.

## I.      JURISDICTION AND VENUE

1.      This action arises under the laws of the United States and the State of Colorado, and is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq.* and 28 U.S.C. §1346(b)(1).

2.      Plaintiffs have satisfied the jurisdictional prerequisite of 28 U.S.C. § 2675 (a) by timely filing an administrative claim against the United States on November 26, 2014.  Plaintiffs' claim was filed on November 24, 2014, and denied on June 3, 2015.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b).  All of the negligent acts and omissions of the agents and employees of the Defendant United States of America, causing the injuries hereinafter alleged, occurred within the State and District of Colorado.

## II.      GENERAL ALLEGATIONS

4.      Miles and Trudy Pacheco are residents of Pueblo, Colorado, residing at 2706 West Street, Pueblo, CO 81003.  Miles Pacheco is a disabled veteran, and Trudy Pacheco is his wife.

5.      On December 15, 2012, Miles Pacheco noticed blood in his urine, and reported to the Emergency Department at Parkview Medical Center in Pueblo, which prescribed a 7-day course of antibiotics, and advised him to see his primary-care physician.

6.      On December 21, 2012, Miles Pacheco consulted with Dr. William Gonzales, his primary-care physician at the Veteran's Administration ("VA") clinic in Pueblo, Colorado.  At that time, Miles Pacheco reported right posterior flank pain that radiated to his back.

Dr. Gonzales took a urine sample from Miles Pacheco, which was red in color, and tested positive for the presence of blood. Dr. Gonzales believed that Mr. Pacheco was suffering from infection-related cystitis, but acknowledged that due to "the location of the abdominal pain, need to consider renal calculi and neoplasms." Even though neoplasms, or cancer, was in Dr. Gonzales' differential diagnosis, he failed to take any significant steps to rule it out.

7.      On May 10, 2013, Miles Pacheco provided another urine specimen, which was red in color, and again tested positive for the presence of blood. Nonetheless, Dr. Gonzales did not refer Miles Pacheco to a urologist until June 2, 2013, and the appointment was set for a date in early July. At that urology appointment, on July 3, 2013, additional testing, including a cystoscopy, was ordered. In his treatment note the urologist, Dr. Mark Simpsen, stated that the cystoscopy should be "scheduled as soon as possible by Carolyn North."

8.      Despite this admonition, the cystoscopy was not promptly scheduled by Carolyn North, or anyone else, and did not take place until August 28, 2013. At that time, the cystoscopy revealed a mass on Miles Pacheco's bladder measuring approximately 2-3 centimeters, which was consistent with bladder cancer. A biopsy on September 3, 2013, confirmed that Miles Pacheco was, in fact, suffering from bladder cancer.

9.      Surgical resection of the tumor took place on October 10, 2013, at which time it was determined that the bladder cancer had invaded the muscle adjacent to the bladder. This finding indicated that the bladder cancer had likely been present since the time that Miles Pacheco first sought medical treatment, in December of 2012.

10.     If Miles Pacheco had been timely treated for his bladder cancer, it likely would have been caught before it invaded the muscle, and could have been treated through surgical

resection and chemotherapy alone.  However, because Miles Pacheco, in October of 2013, was suffering from muscle-invasive bladder cancer, rather than non-muscle-invasive bladder cancer, he now needed to have both his bladder and his prostate gland removed.

11.     On May 27, 2014, Miles Pacheco underwent a radical cystectomy, which involved the removal of his bladder, prostate gland, and other vessels.  He also underwent the placement of a neo-bladder.

12.     Due to the effects of the radical cystectomy, Miles Pacheco suffered, and continues to suffer, significant noneconomic losses, including urinary incontinence (requiring him to wear an adult diaper), constant pain in his pelvic region, and constipation.  In addition, he can no longer achieve or sustain an erection, which has caused both Miles and Trudy Pacheco to suffer a loss of consortium.

13.     On October 30, 2014, Miles and Trudy Pacheco met with medical providers at the Denver VA Medical Center, at which time the VA representatives acknowledged that Miles Pacheco's medical care had been unduly delayed, and that this delay likely had an adverse impact upon Mr. Pacheco's health.

14.     The VA is a United States government agency.

15.     At all times relevant, Dr. William Gonzales was an employee of the VA, acting within the course and scope of his employment.

16.     At all times relevant, the other medical providers and support staff referenced above, who failed to timely order testing or treatment for Miles Pacheco's bladder cancer, were employees of the VA, acting within the course and scope of their employment.

### III.   FIRST CLAIM FOR RELIEF
### (Negligence under FTCA – Plaintiff Miles Pacheco)

17.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

18.     The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346 et seq., affords absolute immunity for federal employees acting within the course and scope of their employment, and requires the plaintiff to proceed against the United States, whose sovereign immunity is waived for this purpose.  *See Pretlow v. Garrison*, 420 Fed. Appx. 798, 802 (10th Cir. 2011); *Rashad v. Solis*, 2013 WL 317718 (D. Colo. 2013).

19.     Dr. William Gonzales and the other VA employees who failed to timely order testing or treatment for Miles Pacheco's bladder cancer owed a duty to exercise that degree of care, skill, caution, diligence and foresight exercised and expected of medical providers and support staff in similar situations.

20.     Dr. William Gonzales and the other VA employees who failed to timely order testing or treatment for Miles Pacheco's bladder cancer deviated from that standard and were negligent in their care and treatment of Miles Pacheco.

21.     As a direct and proximate result of the negligence of Dr. William Gonzales and the other VA employees who failed to timely order testing or treatment for Miles Pacheco's bladder cancer, Miles Pacheco was forced to undergo a radical cystectomy.

22.     Due to the effects of the radical cystectomy, Miles Pacheco suffered, and continues to suffer, significant noneconomic losses, including urinary incontinence (requiring him to wear an adult diaper), constant pain in his pelvic region, and constipation.  In addition, he can no longer achieve or sustain an erection, which has caused both Miles and Trudy Pacheco to suffer a loss of consortium.

## II.     SECOND CLAIM FOR RELIEF
### (Negligence/Loss-of-Consortium under FTCA – Plaintiff Trudy Pacheco)

23.     Plaintiffs incorporate all preceding paragraphs by reference as if fully set forth herein.

24.     At all times relevant hereto, Trudy Pacheco was the wife of Miles Pacheco.

25.     Since the May 27, 2014, radical cystectomy, Miles Pacheco has been unable to provide Trudy Pacheco with the level of companionship, cooperation, affection, aid, and sexual relations that she provided prior to the incident.

26.     Trudy Pacheco's loss of consortium is a direct and proximate result of the negligent conduct of Dr. William Gonzales and the other VA employees who failed to timely order testing or treatment for Miles Pacheco's bladder cancer.

WHEREFORE, Plaintiffs pray for compensatory damages in favor of the Plaintiffs and against the Defendant in an amount to be determined by the trier of fact, pre-judgment interest, post-judgment interest, expert witness fees, filing fees, deposition expenses, and for such other and further relief as this Court may deem appropriate, including all costs.

Respectfully submitted this 30th day of October, 2015.

/s Anthony Viorst
Anthony Viorst
950 South Cherry Street, Suite 300
Denver, CO 80246
Telephone:  (303) 759-3808
Facsimile:  (303) 333-7127
*Attorneys for Plaintiffs*

**Plaintiffs Address**:
2706 West Street
Pueblo, CO 81003