IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. 15-cv-02420-JLK

**MILES PACHECO** and
**TRUDY PACHECO,**

    Plaintiffs,

v.

**THE UNITED STATES OF AMERICA**,

    Defendant.

ORDER

Kane, J.

Plaintiffs' irreconcilable differences with their attorney resulted in his withdrawal of representation in June of 2016 (Doc. 15, 16). Since then, I have referred the Pachecos' claim for settlement proceedings before Magistrate Judge Kristen Mix (who travelled to Colorado Springs for their convenience in August of 2016 to conduct these proceedings, which failed spectacularly)[1] and have given the Pachecos numerous extensions of time to comply with discovery requirements (*see e.g.* Docs. 18-19, 27-28). In November, I denied Defendant's Motion to Compel Discovery and gave Plaintiffs "one final extension" to December 5, 2016, to comply with their expert disclosure obligations (Doc. 32). They failed to do so, and in February of 2017, the case was set for a May 15, 2017, pretrial conference. (Doc. 34.)

---

[1] In a memorandum sent to me after the settlement conference, Magistrate Judge Mix alerted me to the "extreme nature" of Mrs. Pacheco's conduct during the attempted settlement discussion and that she'd had to warn Ms. Pacheco at one point that unless she calmed down she would have to ask the marshal to remove her.

1

On March 21, 2017, the government moved for summary judgment (Doc. 36). I directed the Pachecos to file a response to motion on or before April 17, 2017, and that order, like all other orders in this case and the government's motions and filings, were sent to the Pachecos via mail at their Pueblo, Colorado, address. (*See also* Certificates of Mailing/Service for text entry orders, Docs. 35, 38.)  The Pachecos filed no response, and on April 19, 2017, the government moved to vacate the pretrial conference and, having displayed considerable forbearance throughout this litigation given the nature of the Pachecos' claim and their pro se status, finally raised the specter of Rule 41(b) and dismissal for failure to prosecute. I granted the motion to vacate pretrial conference, and gave the Pachecos one last chance to participate in their case: "If Plaintiffs fail to file a response to Defendant's Motion for Summary Judgment by May 5, 2017," I wrote, "this case will be dismissed pursuant to Federal Rule of Civil Procedure 41(b), dismissal for failure to prosecute claim." *See* Order (Doc. 40). To date, no response has been filed. Accordingly,

Plaintiffs' Complaint in this case is DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Judgment shall enter against Plaintiffs and in favor of Defendant, with the parties to bear their own costs and fees.

Dated this 1st day of June, 2017.

John L. Kane
SENIOR U.S. DISTRICT JUDGE